# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HANS MENOS, derivatively on behalf of ECO SCIENCE SOLUTIONS, INC.,

    Plaintiff(s),

vs.

JEFFREY L. TAYLOR, DON. L. TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON and GANNON GIGUIERE,

    Defendant(s).

Case #3:17-cv-00662-LRH-VPC

**VERIFIED PETITION FOR PERMISSION TO PRACTICE IN THIS CASE ONLY BY ATTORNEY NOT ADMITTED TO THE BAR OF THIS COURT AND DESIGNATION OF LOCAL COUNSEL**

FILING FEE IS $250.00

_____Joel Max Eads_____, Petitioner, respectfully represents to the Court:
(name of petitioner)

1. That Petitioner is an attorney at law and a member of the law firm of

_____Greenberg Traurig, LLP_____
(firm name)

with offices at _____2700 Two Commerce Square, 2001 Market Street_____,
(street address)

_____Philadelphia_____, _____Pennsylvania_____, _____19103_____,
(city) (state) (zip code)

_____(215) 988-7856_____, _____eadsj@gtlaw.com_____.
(area code + telephone number) (Email address)

2. That Petitioner has been retained personally or as a member of the law firm by

_____Defendants above-named_____ to provide legal representation in connection with
[client(s)]

the above-entitled case now pending before this Court.

Rev. 5/16

3. That since November 21, 1994 (date), Petitioner has been and presently is a member in good standing of the bar of the highest Court of the State of Pennsylvania (state) where Petitioner regularly practices law. Petitioner shall attach a certificate from the state bar or from the clerk of the supreme court or highest admitting court of each state, territory, or insular possession of the United States in which the applicant has been admitted to practice law certifying the applicant's membership therein is in good standing.

4. That Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts of other States on the dates indicated for each, and that Petitioner is presently a member in good standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| State of New Jersey | December 20, 1994 | 03827-1994 |
| USDC, Eastern District of PA | November 26, 1996 | 72786 |
| USDC, Middle District of PA | August 11, 1997 | 72786 |
| USDC, Western District of PA | February 15, 2011 | 72786 |
| USDC, District of New Jersey | January 2, 1996 | 03827-1994 |
| Third Circuit Court of Appeals | May 28, 1998 | |

5. That there are or have been no disciplinary proceedings instituted against petitioner, nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory or administrative body, or any resignation or termination in order to avoid disciplinary or disbarment proceedings, except as described in detail below:

(State "none" if Petitioner has no disciplinary proceedings, etc.)
None.

Rev. 5/16

6. That Petitioner has never been denied admission to the State Bar of Nevada. (Give particulars if ever denied admission):

(State "none" if Petitioner has never been denied admission.)
None.

7. That Petitioner is a member of good standing in the following Bar Associations.

(State "none" if Petitioner is not a member of other Bar Associations.)
None.

8. Petitioner has filed application(s) to appear as counsel under Local Rule IA 11-2 (formerly LR IA 10-2) during the past three (3) years in the following matters: (State "none" if no applications.)

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| January 18, 2018 | Bell v. Taylor, et al. | USDC, Hawaii | Granted |
| | | | |
| | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9. Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10. Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11. Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

Rev. 5/16

That Petitioner respectfully prays that Petitioner be admitted to practice before this Court FOR THE PURPOSES OF THIS CASE ONLY.

_____
Petitioner's signature

STATE OF _____Pennsylvania_____ )
                                )
COUNTY OF _____Philadelphia_____ )

_____Joel Max Eads_____, Petitioner, being first duly sworn, deposes and says:

That the foregoing statements are true.

_____
Petitioner's signature

Subscribed and sworn to before me this

23rd day of April, 2018.

_____
Notary Public or Clerk of Court

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MELISSA E. HERRIN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 5, 2020

## DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO THE BAR OF THIS COURT AND CONSENT THERETO.

Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner believes it to be in the best interests of the client(s) to designate __Christopher R. Miltenberger__,
(name of local counsel)
Attorney at Law, member of the State of Nevada and previously admitted to practice before the above-entitled Court as associate resident counsel in this action. The address and email address of said designated Nevada counsel is:

__3773 Howard Hughes Parkway, Suite 400 North__,
(street address)

__Las Vegas__, __Nevada__, __89169__,
(city)           (state)         (zip code)

__(702) 792-3773__, __miltenbergerc@gtlaw.com__.
(area code + telephone number)   (Email address)

4

Rev. 5/16

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

**APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL**

The undersigned party(ies) appoint(s) __Christopher R. Miltenberger__ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

_____
(party's signature)

MICHAEL ROUNTREE COO
(type or print party name, title)

_____
(party's signature)

_____
(type or print party name, title)

**CONSENT OF DESIGNEE**
The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_____
Designated Resident Nevada Counsel's signature
NV Bar No. 10153          miltenbergerc@gtlaw.com
Bar number                Email address

APPROVED:
DATED this 30th day of April, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5

Rev. 5/16



# Supreme Court of Pennsylvania

## CERTIFICATE OF GOOD STANDING

*Joel Max Eads, Esq.*

**DATE OF ADMISSION**

*November 21, 1994*

The above named attorney was duly admitted to the bar of the Commonwealth of Pennsylvania, and is now a qualified member in good standing.



Witness my hand and official seal
Dated: April 16, 2018

*[signature]*

Patricia A. Johnson
Chief Clerk

# Supreme Court of New Jersey



# Certificate of Good Standing

This is to certify that **JOEL MAX EADS** (No. **038271994**) was constituted and appointed an Attorney at Law of New Jersey on **December 20, 1994** and, as such, has been admitted to practice before the Supreme Court and all other courts of this State as an Attorney at Law, according to its laws, rules, and customs.

I further certify that as of this date, the above-named is an Attorney at Law in Good Standing. For the purpose of this Certificate, an attorney is in "Good Standing" if the Court's records reflect that the attorney: 1) is current with all assessments imposed as a part of the filing of the annual Attorney Registration Statement, including, but not limited to, all obligations to the New Jersey Lawyers' Fund for Client Protection; 2) is not suspended or disbarred from the practice of law; 3) has not resigned from the Bar of this State; and 4) has not been transferred to Disability Inactive status pursuant to Rule 1:20-12.

Please note that this Certificate does not constitute confirmation of an attorney's satisfaction of the administrative requirements of Rule 1:21-1(a) for eligibility to practice law in this State.



In testimony whereof, I have hereunto set my hand and affixed the Seal of the Supreme Court, at Trenton, this **18TH** day of **April**, 20**18**

*Clerk of the Supreme Court*

-453a-