| | |
|---|---|
| Patrick R. Leverty, Esq.<br>**LEVERTY & ASSOCIATES LAW CHTD.**<br>Reno Gould House<br>832 Willow Street<br>Reno, NV 89502<br>Telephone: (775) 322-6636<br>Facsimile: (775) 322-3953<br>Email: pat@levertylaw.com | Mark E. Ferrario<br>Christopher R. Miltenberger<br>**GREENBERG TRAURIG, LLP**<br>10845 Griffith Peak Drive<br>Suite 600<br>Las Vegas, NV 89135<br>Telephone: (702) 792-3773<br>Facsimile: (702) 792-9002<br>Email: ferrariom@gtlaw.com<br>Email: miltenbergerc@gtlaw.com |
| Phillip Kim (*pro hac vice*)<br>Erica L. Stone (*pro hac vice*)<br>**THE ROSEN LAW FIRM, P.A.**<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Telephone: (212) 686-1060<br>Facsimile: (212) 202-3827<br>Email: pkim@rosenlegal.com | Joel M. Eads (*pro hac vice*)<br>**GREENBERG TRAURIG, LLP**<br>1717 Arch Street<br>Suite 400<br>Philadelphia, PA 19103<br>Telephone: (215) 988-7800<br>Facsimile: (215) 988.7801<br>Email: eadsj@gtlaw.com |
| *Counsel for Plaintiff* | *Counsel for Defendants Jeffery L. Taylor, Don L. Taylor, L. John Lewis, S. Randall Oveson, and Gannon Giguiere, and for Nominal Defendant Eco Science Solutions, Inc.* |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HANS MENOS, derivatively on behalf of ECO SCIENCE SOLUTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY L. TAYLOR, DON L. TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, and GANNON GIGUIERE,<br><br>Defendants,<br>and<br>ECO SCIENCE SOLUTIONS, INC.,<br>Nominal Defendant. | Case No. 3:17-CV-00662-LRH-CB<br><br>**PROPOSED CONFIDENTIALITY ORDER** |

The parties, through their respective counsel, stipulate to the entry of a protective order to govern the dissemination of documents, materials, and other information, including the substance

1

and content thereof, designated by any party as confidential and produced by any party in support of motions, in response to written discovery, or during any formal or informal discovery in this litigation subject to the terms as set forth below.

**WHEREAS**, the parties to the Proceeding, through their respective counsel, have agreed that a protective order preserving the confidentiality of certain documents and information should be entered by the Court.

**THEREFORE, IT IS ORDERED** as follows:

I. **Definitions**

1. **Confidential Information.** "Confidential Information" is defined herein as any information that constitutes, reflects, discloses, or contains: (1) a "trade secret or other confidential research, development, or commercial information" that is suitable for protection under Federal Rule of Civil Procedure 26(c)(1)(G); and (2) information that may be protected from disclosure under a party's constitutional right of privacy or whose dissemination would have the tendency to embarrass or otherwise prejudice the party it concerns.

2. **Trade Secret.** A party, in designating information "Confidential" because it contains a "Trade Secret," shall designate only information that meets the definition of trade secret contained in 18 U.S.C. § 1839:

> the term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if –
>
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being

generally known to, and not being readily ascertainable through proper means by, the public.

3. **The Proceeding.** The "Proceeding" means *Menos v. Taylor, et al*, Case No. 3:17-CV-00662-LRH-CB, pending in the United States District Court District of Nevada.

## II. Information Within the Scope of the Protective Order

4. This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during the Proceeding, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response, or otherwise, by any party to the Proceeding or its representatives (the "Supplying Party") to any other party or parties to the Proceeding or their representatives (the "Receiving Party"), whether provided voluntarily, pursuant to formal discovery procedures, or otherwise. The Parties agree that confidentiality of materials at trial will be determined by the Court after a separate briefing and/or argument process.

Notwithstanding the foregoing, this Protective Order does not address or alter whether or not Defendants may argue that non-confidential documents should still be entitled to protection under the work-product doctrine and/or the attorney-client communication privilege.

## III. Designating Information As "Confidential" Pursuant to This Protective Order

5. **Documents.** Any Supplying Party producing documents that contain information that meets the definition of Confidential Information as provided in Paragraphs 1 and 2 herein, may designate the contents of the documents as "Confidential" prior to or at the time of production by placing the following designation on the documents: "CONFIDENTIAL – Subject to Protective Order." Where a document consists of more than one page, each page of the document shall be designated as such. Any document or information for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question including a Bates number, where applicable.

6. If a Supplying Party makes documents or information available for inspection, rather than delivering copies to another party, no "Confidential" designation is required in advance of the initial inspection. For the purposes of initial inspection only, the documents shall be considered "CONFIDENTIAL." Upon production of the inspected documents, the Supplying Party shall designate which of the produced or copied documents and materials are or contain Confidential Information pursuant to Paragraph 5 of this Order.

7. **Written Discovery.** If responses to written discovery contain Confidential Information as defined in Paragraph 1 and 2 of this Protective Order, the Responding Party may designate the responsive documents and information, as set forth in Paragraph 5, with specific indication of the page and line references of the material that is "Confidential" under the terms of this Protective Order.

8. **Depositions.** The parties may designate as Confidential any deposition transcript, or portions thereof, in the Proceeding that meets the definition of Confidential Information provided in Paragraphs 1 and 2 of this Protective Order. Counsel for the designating party shall advise the court reporter and the parties on the record during the deposition or by letter no later than thirty (30) calendar days after the court reporter provides the parties with the final deposition transcript. If any portion or all of a deposition transcript is designated as Confidential Information, the court reporter shall label the cover page of the original and one copy of the transcript to state that Confidential Information is contained therein, and shall label as "Confidential" each page of the transcript and/or exhibits to the deposition transcript that constitute "Confidential Information." Confidential designations of transcripts or portions thereof, apply to audio, video, or other recordings of the testimony. The court reporter shall clearly mark any transcript or portion thereof prior to the expiration of the 30-day period as "DO NOT DISCLOSE – SUBJECT TO FURTHER CONFIDENTIALITY REVIEW." Deposition transcripts or portions thereof will be treated as Confidential Information until expiration of the 30-day period. If any party does not

4

designate the transcript as "Confidential" either at the time of the deposition or within the 30-day period defined above, no portion of the entire transcript will be deemed "Confidential" and the "DO NOT DISCLOSE- SUBJECT TO FURTHER CONFIDENTIALITY REVIEW" legend shall be removed. The 30-day period may not be extended without mutual agreement of the parties.

9. **Confidential Information Produced by Third Parties.** A party in the Proceeding may designate as Confidential any document, information, or testimony produced or supplied by any person or entity not a party to the Proceeding, that constitutes or meets the definition of Confidential Information as defined in Paragraphs 1 and 2 of this Protective Order. The party claiming confidentiality shall designate the information as such within thirty (30) days of its receipt of such information. Any party receiving information from a third party shall treat such information as Confidential Information during this thirty (30) day period while all parties have an opportunity to review the information and to determine whether it should be designated as confidential. Any party designating third party information as Confidential Information shall have the same rights, duties, and obligations, as a Supplying Party under this Protective Order.

10. **Publicly Available Information.** The confidentiality restrictions and confidentiality obligations set forth herein shall not apply to information that is at the time of production or disclosure, or subsequently becomes, through no wrongful act on the part of the Receiving Party, generally available to the public through publication or otherwise. This includes information published during public hearings and trials, if the Supplying Party does not move to seal or appeal any order denying such motion to seal within the time permitted under the applicable rules. Notwithstanding the foregoing, this Protective Order does not address or alter whether or not Defendants may argue that non-confidential documents should still be entitled to protection under the work-product doctrine and/or the attorney-client communication privilege.

IV. **Limitations on Use of Confidential Information**

11. All Confidential Information shall be used for the purpose of the Proceeding only, and except as permitted by this Order, the parties and their respective attorneys, as well as experts or consultants or those who the parties agree may have access to Confidential Information as in Paragraph 13, shall not give, show, or otherwise divulge or disclose the Confidential Information, or any copies, prints, or summaries thereof to any person or entity.

12. Confidential Information pursuant to this Protective Order shall be treated by the parties, their counsel, and any other signatory to this Protective Order as being confidential and private. Any copy of Confidential Information shall have the same status as the original. The disclosure and use of Confidential Information shall be confined to the permissible disclosures and uses set forth in this Protective Order, and no one shall disclose or use Confidential Information in a manner inconsistent with the terms and the intent of this Protective Order.

13. Confidential Information may be disclosed or made available without written consent from the Supplying Party *only* to the following persons and shall be used solely for the litigation of the Proceeding and may not be disclosed to anyone not authorized under this paragraph:

    a. Parties, their representatives, and regular employees who are actively engaged in, or actively overseeing, the Proceeding;

    b. Counsel of record, their associated attorneys, and support staff, including paralegal and secretarial personnel, who are working on the Proceeding;

    c. Experts and consultants (including their employees/contractors) who are consulted or retained by a party to assist in the litigation of the Proceeding;

    d. Witnesses or prospective witnesses in the Proceeding;

    e. Court reporters, videographers, and other persons involved in recording deposition testimony in the Proceeding;

   f. The Court and its personnel, including any mediators and/or special masters appointed by the Court, or if an appeal, the court with appellate jurisdiction;

   g. Jurors in the Proceeding;

   h. Any person or entity whom counsel for all parties agree in writing should have access to such materials and who agrees to be bound by the terms of this Order; and

   i. The author or recipient of the document(s) or the original source of information.

  14. Prior to the disclosure of any Confidential Information to any person identified in Paragraph 13 above (except as to Paragraphs 13(b), 13(e), 13(f), 13(g), and 13(i)), the disclosing party will provide each potential recipient of Confidential Information with a copy of this Protective Order, which said recipient shall read. Upon reading this Protective Order, such person shall sign a copy of the Agreement to Maintain Confidentiality ("Confidentiality Agreement"), attached to this Order as **Exhibit A**, acknowledging that he or she has read this Protective Order and shall abide by its terms. These Confidentiality Agreements are strictly confidential and shall be maintained by counsel for each party and only with good cause shown and separate court order will the Confidentiality Agreements be disclosed to the opposing side. Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Confidentiality Agreements but must comply with the terms of this Protective Order.

  15. Any witness deposed in this Proceeding shall be provided prior to or at the outset of his or her deposition with a copy of this Protective Order and such person shall either (i) execute the Confidentiality Agreement or (ii) on the record at the deposition, shall agree to be bound by the terms of this Protective Order by virtue of an Order of the Court.

16. All persons receiving or given access to Confidential Information in accordance with the terms of this Order consent to the continuing jurisdiction of this Court for the purposes of enforcing this Order and remedying any violations thereof.

17. Confidential Information shall not be placed or deposited in any sort of data bank that is made available for indiscriminate or general circulation to lawyers, litigants, consultants, expert witnesses or any other persons not working on the Proceeding and not signatories to this Protective Order. This paragraph and the other provisions of this Order shall not apply to materials which, if challenged by any party, the Court rules are not entitled to protection. This paragraph does not limit or restrict in any way the manner in which a party may store and make Confidential Information available to the attorneys, support staff, experts, and any other persons or entities working on the Proceeding, provided the general terms of this Order are followed.

18. The parties and their counsel as well as their experts shall also not sell, offer, advertise, publicize nor provide under any condition any Confidential Information produced by any other party to any competitor of any defendant or to any employee or any competitor (irrespective of whether they are retained as an expert by a party in the Proceeding).

19. In the event that either of the parties is served by a non-party with a subpoena for Confidential Information that was originally provided and claimed as Confidential by another party, the Receiving Party will give notice to the Supplying Party, where reasonably possible, no less than ten (10) business days prior to disclosure by providing a copy of the subpoena, to allow a reasonable opportunity for the Supplying Party to object to such production before any production takes place.

20. If a Receiving Party learns of any unauthorized disclosure of Confidential Information, it shall take reasonable efforts to immediately: (a) inform the Supplying Party in writing of such disclosure, including to whom the material was disclosed; (b) make a reasonable effort to retrieve all copies of the Confidential Information only to the extent the Receiving Party

8

has control over the unauthorized disclosed documents; (c) and to the extent the Receiving party has control over the person or persons to whom unauthorized disclosures were made, inform the persons of the terms of this Protective Order.

## V. <u>Filing Under Seal</u>

21. **Where a Party Files Documents and Contends the Documents Should be Kept Sealed.** Where a party intends to file documents that contain Confidential Information with the Court, said party will file documents under seal using the Court's electronic filing procedures, in accordance with Local Rule IA 10-5. The party will file a motion for an order sealing the documents consistent with Local Rule IA 10-5(a) and comply with the provisions of FRCP 5.2 and LR IC 6-1 of the local rules. A copy of the motion must be served on all parties that have appeared in the case.

22. **Non-dispositive Motions.** The parties recognize that the Ninth Circuit has held that there is a presumption of public access to judicial files and records, and the party seeking to maintain the confidentiality of documents attached to non-dispositive motions must show that good cause exists to overcome the presumption of public access. Motions to file documents under seal will be accompanied by a declaration establishing sufficient justification for sealing each document at issue.

23. **Dispositive Motions.** The parties recognize that the Ninth Circuit has held that there is a presumption of public access to judicial files and records, and the party seeking to maintain the confidentiality of documents attached to dispositive motions must show that compelling reasons exist to overcome the presumption of public access. Motions to file documents under seal will be accompanied by a declaration establishing sufficient justification for sealing each document at issue.

Respectfully submitted,

Dated: January 16, 2020

| | |
|---|---|
| **THE ROSEN LAW FIRM, P.A.** | **GREENBERG TRAURIG, LLP** |
| By: /s/ *Erica L. Stone* | By: /s/ *Joel M. Eads* |
| Phillip Kim (*pro hac vice*) | Joel M. Eads (*pro hac vice*) |
| Erica L. Stone (*pro hac vice*) | 1717 Arch Street |
| 275 Madison Avenue, 40th Floor | Suite 400 |
| New York, NY 10016 | Philadelphia, PA 19103 |
| Telephone: (212) 686-1060 | Telephone: (215) 988-7800 |
| Facsimile: (212) 202-3827 | Facsimile: (215) 988.7801 |
| Email: pkim@rosenlegal.com | Email: eadsj@gtlaw.com |
| | |
| Patrick R. Leverty, Esq. | Mark E. Ferrario |
| **LEVERTY & ASSOCIATES LAW CHTD.** | Christopher R. Miltenberger |
| Reno Gould House | **GREENBERG TRAURIG, LLP** |
| 832 Willow Street | 10845 Griffith Peak Drive |
| Reno, NV 89502 | Suite 600 |
| Telephone: (775) 322-6636 | Las Vegas, NV 89135 |
| Facsimile: (775) 322-3953 | Telephone: (702) 792-3773 |
| Email: pat@levertylaw.com | Facsimile: (702) 792-9002 |
| | Email: ferrariom@gtlaw.com |
| *Counsel for Plaintiff* | Email: miltenbergerc@gtlaw.com |

*Counsel for Defendants Jeffery L. Taylor, Don L. Taylor, L. John Lewis, S. Randall Oveson, and Gannon Giguiere, and for Nominal Defendant Eco Science Solutions, Inc.*

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| HANS MENOS, derivatively on behalf of ECO SCIENCE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JEFFERY L. TAYLOR, DON L. TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, and GANNON GIGUIERE, <br><br>             Defendants, <br> and <br> ECO SCIENCE SOLUTIONS, INC., <br>             Nominal Defendant. | Case No. 3:17-CV-00662-LRH-CB <br><br><br> **AGREEMENT TO MAINTAIN CONFIDENTIALITY** |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____

Date: _____  _____
                                Signature

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| HANS MENOS, derivatively on behalf of ECO SCIENCE SOLUTIONS, INC., <br><br>Plaintiff,<br><br>v.<br><br>JEFFERY L. TAYLOR, DON L. TAYLOR, L. JOHN LEWIS, S. RANDALL OVESON, and GANNON GIGUIERE,<br><br>Defendants,<br>and<br>ECO SCIENCE SOLUTIONS, INC.,<br>Nominal Defendant. | Case No. 3:17-CV-00662-LRH-CB |

**[PROPOSED] ORDER**

**AND NOW,** on this __17th__ day of __January__, 2030, **IT IS HEREBY ORDERED** that the meanings and provisions contained in the Proposed Confidentiality Order concerning the use and/or disclosure of Confidential Information shall control all documents produced pursuant to this Order and shall be effective as to all parties for the purposes of this proceeding.

_____
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that on January 16, 2020, service of the foregoing ***Proposed Confidentiality Order*** was made through the Court's CM/ECF electronic filing system, upon all counsel of record.

*/s/ Joel Max Eads*
Joel M. Eads

*Counsel for defendants and nominal defendant*